1  Jason C. Hamilton (CA 267968)
   Benesch, Friedlander, Coplan & Aronoff LLP
2  100 Pine Street, Suite 3100
   San Francisco, California 94111
3  Telephone:  628.600.2250
4  Facsimile:   628.221.5828
   jhamilton@beneschlaw.com
5
6  Mark S. Eisen (CA 289009)
   Benesch, Friedlander, Coplan & Aronoff LLP
7  71 South Wacker, Suite 1600
   Chicago, Illinois 60606
8  Telephone:  312.212.4949
   Facsimile:   312.767.9192
9  meisen@beneschlaw.com

10 Attorneys for Defendants
11 INSTANT CHECKMATE, LLC, INTELIUS LLC,
   and TRUTHFINDER, LLC

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLARK, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INSTANT CHECKMATE, LLC, INTELIUS LLC, and TRUTHFINDER, LLC,<br><br>Defendants. | Case No. **'25CV1474 JO   MSB**<br><br>**NOTICE OF REMOVAL**<br><br>Complaint Filed:   May 6, 2025 |

NOTICE OF REMOVAL

1 | **TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
2 | DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S
3 | COUNSEL OF RECORD:**

4 | **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Instant Checkmate, LLC, Intelius LLC, and Truthfinder, LLC (collectively "Defendants") hereby remove the above-titled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California. This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d)(2).

**I.    BACKGROUND**

1. On May 6, 2025, Robert Clark ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of San Diego, Case No. 25CU023563C (the "State Court Action"). *See* **Exhibit A**.

2. Pursuant to California Code of Civil Procedure section 415.30, Plaintiff served the State Court Action upon Defendants on May 14, 2025. *See* **Exhibit B**.

3. Plaintiff's Complaint asserts a single cause of action under Colorado's Prevention of Telemarketing Fraud Act ("PTFA"), C.R.S. 6-1-304(4)(a)(1). Plaintiff alleges that Defendants list and sell Plaintiff's and other consumers' cell phone numbers for commercial purposes, purportedly in violation of "their PTFA privacy rights." (*See* Compl. ¶¶ 10, 28, 32.) Plaintiff seeks to recover statutory damages, attorneys' fees, pre- and post-judgment interest, and costs under C.R.S. 6-1-305(1)(c), as well as declaratory, injunctive, and other equitable relief. (*See id.* ¶¶ 9, 39, 52.) Plaintiff also seeks to represent a putative state-wide class of Colorado residents. (*See id.* ¶ 36.)

4. Defendants have not made a general appearance in the State Court Action and have not waived any jurisdictional issues in that proceeding. Moreover, Defendants intend no admission of liability by this notice and expressly reserve all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiff's pleadings.

## II. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

5. This Court has original jurisdiction over the State Court Action under CAFA, 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453. Under CAFA, a court has original jurisdiction if: (1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant (minimal diversity); and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. *Davis v. Chase Bank U.S.A., N.A.*, 453 F. Supp. 2d 1205, 1207 (C.D. Cal. 2006) (citing *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006)); *see also* 28 U.S.C. § 1332(d).

6. "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Jauregui v. Roadrunner Transp. Servs. Inc.*, 28 F.4th 989, 993 (9th Cir. 2022). In determining whether the requirements for CAFA jurisdiction are satisfied, "[t]he Court must assume the truth of the allegations in the complaint and that a jury will return a verdict for the plaintiff on all claims alleged." *See, e.g., Bryan v. Wal-Mart Stores, Inc.*, No. C 08-5221 SI, 2009 WL 440485, at *2 (N.D. Cal. Feb. 23, 2009) (citing *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

### A. There Are More Than 100 Putative Class Members.

7. Plaintiff purports to bring this class action on behalf of Colorado residents and alleges that the putative class is "composed of at least thousands of individuals." (Compl. ¶¶ 36, 38). Thus, based on this allegation, there are more than 100 putative class members and numerosity for CAFA removal is satisfied.

### B. There is Minimal Diversity of Citizenship.

8. Minimal diversity for CAFA removal is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

9. Plaintiff alleges he is a Colorado citizen based on his domicile in Colorado Springs, Colorado. (Compl. ¶ 10) ("Plaintiff Robert Clark is, and has been at all relevant times, a resident and citizen of Colorado Springs, Colorado.") *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) ("It is a longstanding principle that '[t]he place

where a person lives is taken to be his domicile …'"). Further, Plaintiff purports to represent a class of "all Colorado residents." (Compl. ¶ 36.)

10. In contrast, for purposes of diversity jurisdiction, all Defendants in this action are citizens of California[1] and Delaware. *See* 28 U.S.C. §§ 1332(c)(1), (d)(2), (10). Defendant Instant Checkmate is, and was at the time Plaintiff initiated the State Court Action, a Delaware company with its principal place of business in California. (Compl. ¶ 11.) Defendant Intelius LLC is, and was at the time Plaintiff initiated State Court Action, a Delaware company with its principal place of business in California. (*Id*. ¶ 12.) Defendant Truthfinder, LLC is, and was at the time Plaintiff initiated State Court Action, a Delaware company with its principal place of business in California. (*Id*. ¶ 13.)

11. Accordingly, minimal diversity is satisfied under CAFA.

**C.  The Amount in Controversy Exceeds $5,000,000.**

12. In evaluating the amount in controversy, the Court examines the potential recovery of the putative class as a whole. *See* 28 U.S.C. § 1332(d)(6). To evaluate whether the amount in controversy is satisfied under CAFA, the determining factor in the Ninth Circuit is a showing *only* "that the potential damages could exceed the jurisdictional amount." *Castro v. ABM Indus., Inc.*, No. 17-CV-3026-YGR, 2017 WL 4682816, at *2 (N.D. Cal. Oct. 19, 2017) (quoting *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016)) (a party seeking federal jurisdiction need only show that "'a fact finder *might* legally conclude' that damages exceed the statutory amount").

13. "[C]ourts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (modification in original). Thus, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89; *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir.

---

[1] Defendants being citizens of California does not destroy diversity under CAFA. *See* 28 U.S.C.§ 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 [] without regard to whether any defendant is a citizen of the State in which the action is brought").

1  2020) (same, defendant met its burden of showing that the amount in controversy exceeded $5 million under CAFA by establishing that the proffered damages ratio was reasonably possible). Moreover, a notice of removal "need not contain evidentiary submissions" or support. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)); *see also Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) ("a removing defendant need not present evidence"). In the context of CAFA, when "calculating the amount in controversy, a removing defendant may make reasonable assumptions based on the plaintiff's complaint." *Perez*, 131 F.4th at 806.

14.  <u>First</u>, Plaintiff's counsel has explicitly acknowledged that the amount in controversy for a near-identical claim exceeded $5 million, such that CAFA jurisdiction exists. In December 2024, Plaintiff's counsel, Bursor & Fisher, P.A., filed a class action complaint against Defendants in the U.S. District Court for the District of Colorado in the action captioned *Larancuent v. PeopleConnect, Inc., Intelius LLC, Pubrec, LLC, The Control Group Media Company, LLC, Instant Checkmate, LLC, and Truthfinder, LLC*, Case No. 1:24-cv-3498 (D. Colo. Dec. 18, 2024) ("*Larancuent*"). A true and correct copy of the *Larancuent* complaint is attached to this Notice of Removal as **Exhibit C**.

15.  In *Larancuent*, Plaintiff's counsel alleged that Defendants violated the PTFA purportedly on behalf of the exact same class at issue here. (*Compare* Compl. ¶ 36 with *Larancuent* Compl. ¶ 40.) Plaintiff's counsel alleged that the federal district court "has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. 1332(d) *et seq*.," and "on information and belief more than $5 million is at issue, and none of the exceptions to CAFA jurisdiction applies." (*Id*. ¶ 19.) Accordingly, there can be no legitimate dispute that the amount in controversy requirement for original jurisdiction under 28 U.S.C. § 1332(d)(2) is satisfied.

16.  <u>Second</u>, an analysis of Plaintiff's Complaint demonstrates the jurisdictional threshold is easily met. While Plaintiff does not allege a precise amount of recovery, assuming the truth of Plaintiff's allegations, plausible potential damages exceed the amount

in controversy requirement for CAFA.

17. Plaintiff purports to bring this action on behalf of "all Colorado residents whose cell phone numbers were listed on one of Defendants' websites." (Compl. ¶ 36.) Plaintiff seeks an award of costs, attorneys' fees, injunctive relief, statutory damages, and/or penalties of "at least three hundred dollars and not more than five hundred dollars for a first offense and at least five hundred dollars and not more than one thousand dollars for a second or subsequent offense." (Compl. ¶¶ 9, 39, 52); *see* C.R.S. § 6-1-305(1)(c). Plaintiff asserts that Defendants' alleged publication of each putative class member's cellular telephone number constitutes a violation of the PTFA. C.R.S. 6-1-304(4); (*see also* Compl. 44–47, 49–52.) If proven true, and setting aside claims of "subsequent offenses," Plaintiff seeks at least $300-500 in statutory penalties for each putative class member.

18. Working from the minimum statutory amount Plaintiff and every putative class member could recover if they successfully prove their claims ($300-$500),[2] there would only need to be 10,000-16,667 potential class members, including Plaintiff, for the $5 million amount in controversy requirement to be satisfied. Without admitting the putative class size (which likely cannot be ascertained), it is plausible that at least this many Colorado residents are in the putative class alleged in the Complaint.

19. According to the 2024 U.S. Census, there are 5,957,493 Colorado residents.[3] 16,667 putative class members would represent fewer than one-third of one percent of that population (0.28% to be precise). Thus, Defendants' websites collectively would only need to list cell phone numbers for less than one-third of one percent of all Coloradans for the amount in controversy requirement to be met.

///

///

---

[2] Moreover, the amount-in-controversy threshold is not limited to the statutory damages claim but also includes all other forms of potential relief, including the value of the injunctive relief sought, as well as attorneys' fees. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 771–75 (9th Cir. 2020).

[3] https://www.census.gov/quickfacts/fact/table/CO/PST045224 (last visited June 4, 2025).

20. According to Plaintiff's Complaint, Defendants' "directories are substantially similar" and the websites "list Coloradans' cell phone numbers therein." (Compl. ¶ 26.) The Complaint contains various images pulled from Defendants' websites, including screenshots showing online tools to "Search Anyone," and "Locate People (Almost Anyone)" though "Billions of Public Records" (*Id*. ¶ 22) and denoting "Millions [of] Records Searched" (*Id*. ¶ 24).

21. Further, a preliminary review of Defendants' websites (incorporated by Plaintiff into his Complaint) demonstrates records covering 4 different Colorado area codes with a combined 2,985 phone number prefixes for Colorado. Therefore, because each area code and prefix combination would only require 3-6 cell phone numbers for Colorado residents to reach 10,000-16,667 records, it is logical that the volume of Colorado residents allegedly listed in Defendants' directories easily exceeds 10,000-16,667 people. *See Perez*, 131 F.4th at 809 ("CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure").

22. Thus, without admission of any violation of the PFTA, or whether this matter is suitable for class treatment (which Defendants deny), the CAFA amount-in-controversy requirement is satisfied, particularly when weighing all forms of relief. *Jauregui*, 28 F.4th at 994 (the amount at stake does not mean "likely or probable liability"; rather, it refers to "possible liability.").

23. Assuming the truth of his allegations and that a jury would render a verdict in Plaintiff's favor, the amount in controversy for CAFA jurisdiction is readily satisfied.[4]

**D.    The CAFA Exceptions are Inapplicable to Plaintiff's Claims.**

24. CAFA provides certain exceptions to the application of federal jurisdiction. 28 U.S.C. §§ 1332(d)(3)-(4). But all three exceptions include the requirement that one-third or more of the members of the putative class "are citizens of the State in which the

---

[4] Defendants do not concede, and specifically dispute, that Plaintiff's claims are valid and that any amount of damages will be awarded.

action was originally filed." *Id*. Here, Plaintiff states that the putative class is comprised exclusively of "all Colorado residents." (Compl. ¶ 36.) The Court can easily deduce that at least one-third or more of the putative class members are not citizens of California.

25. Further, no exception exists because, within the three-year period preceding the filing of the Complaint, a separate putative class action—specifically, *Larancuent*, identified above—was filed against Defendants, asserting the same or similar factual allegations on behalf of the same class as in this case. *See* 28 U.S.C. § 1332(d)(4)(A)(ii).

26. Finally, Plaintiff bears the burden of establishing any exceptions to CAFA jurisdiction. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). But Plaintiff's counsel has previously acknowledged that no exception applies in this context. (*See Larancuent* Compl. ¶ 19) ("[N]one of the exceptions to CAFA jurisdiction applies.").

## III.    PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

### A.    Removal is Timely.

27. Plaintiff served Defendants on May 14, 2025. Because Defendants file this Notice of Removal within thirty days of service, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period begins to run when the defendant is formally served). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

28. This Notice of Removal is also filed within one year of the date of commencement of the action for removal purposes. *See* 28 U.S.C. § 1446(c).

### B.    Removal to the Proper Court.

29. Plaintiff filed the State Court Action in the Superior Court of the State of California for the County of San Diego. Thus, pursuant to 28 U.S.C. §§ 1441(a), and 1446(a), removal to the United States District Court for the Southern District of California, is proper as this is the district court "embracing the place where [the] action is pending."[5]

---

[5] Defendants reserve all rights, including challenges to the filing of this suit—that alleges violations of Colorado law—before California courts.

### C. Signature Requirement.

30. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11 and in compliance with 28 U.S.C. § 1446(a).

### D. Pleadings and Process.

31. A copy of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto as **Exhibits A and B**. 28 U.S.C. § 1446(a).

### E. Notice of Filing Notice of Removal.

32. Attached to this Notice of Removal as **Exhibit D** is a copy of the Notice of Filing Notice of Removal, which will be promptly filed with the Clerk of the Superior Court of the State of California for the County of San Diego, and will be promptly served upon Plaintiff's counsel of record. 28 U.S.C. § 1446(d).

### F. Reservations.

33. Defendants reserve all defenses including but not limited to those defenses based on improper venue, *forum non conveniens*, improper forum shopping, failure to state a claim, and standing. This Notice of Removal is subject to, and without waiver of, any such defenses. Defendants' dispute of all claims in the Complaint and Plaintiff's prayer for relief. Defendants reserve the right to amend or supplement this Notice of Removal.

## IV. CONCLUSION

For the foregoing reasons, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and Plaintiff's claims can be removed to this Court under 28 U.S.C. § 1441.

WHEREFORE, Defendants respectfully request that the United States District Court for the Southern District of California assume jurisdiction over this action.

[Signature block on following page]

| | |
|---|---|
| Dated: June 9, 2025 | Respectfully submitted, |
| | */s/ Jason C. Hamilton* |
| | JASON C. HAMILTON (CA 267968) |
| | MARK S. EISEN (CA 289009) |
| | |
| | **Benesch, Friedlander, Coplan & Aronoff LLP** |
| | |
| | Attorneys for Defendants |
| | INSTANT CHECKMATE, LLC, INTELIUS LLC, and TRUTHFINDER, LLC |

**NOTICE OF REMOVAL**