Jason C. Hamilton (CA 267968)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:  628.600.2250
Facsimile:   628.221.5828
jhamilton@beneschlaw.com

Mark S. Eisen (CA 289009)
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker, Suite 1600
Chicago, Illinois 60606
Telephone:  312.212.4949
Facsimile:   312.767.9192
meisen@beneschlaw.com

Attorneys for Defendants
INSTANT CHECKMATE, LLC,
INTELIUS LLC, and
TRUTHFINDER, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLARK, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INSTANT CHECKMATE, LLC, INTELIUS LLC, and TRUTHFINDER, LLC,<br><br>Defendants. | Case No. 3:25-cv-01474-JO-MSB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(A) OR, ALTERNATIVELY, TO DISMISS FOR FORUM SHOPPING**<br><br>[*Filed concurrently with Declaration of Jason C. Hamilton; Ex Parte Motion to Stay Proceedings; [Proposed] Order]*<br><br>Date:        August 28, 2025<br>Time:        9:30 a.m.<br>Location:   Courtroom 4C<br>Judge:       Hon. Jinsook Ohta<br><br>Complaint Filed:   May 6, 2025<br>Removal:             June 9, 2025 |

# TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................................1

II.  BACKGROUND .................................................................................................2

    A.  Plaintiff's Allegations...............................................................................2

    B.  Plaintiff's Counsel's Substantively Identical Colorado Action ....................3

    C.  Plaintiff's Counsel's Serially Filed Colorado PTFA Actions.......................3

    D.  Assignments to Judge Daniel D. Domenico (Over Plaintiff's
        Counsel's Objection) and Resulting Voluntary Dismissals...........................4

    E.  Plaintiff's Counsel Refiles in Various State and Federal Courts...................5

III.  DISCUSSION ...................................................................................................6

    A.  Legal Standard.........................................................................................6

    B.  This Court Should Transfer this Case Back to Colorado Under
        Section 1404(a)........................................................................................7

        1.  Venue Is Proper in the District of Colorado .................................7

        2.  Factor 1: Plaintiff's Choice of Forum Is Entitled to Minimal
            (if Any) Weight or Deference.................................................8

        3.  Factors 2 and 3: Convenience of Parties and Witnesses
            Favors Transfer..................................................................11

        4.  Factor 4: Ease of Access to Evidence is Neutral ...............................12

        5.  Factor 5: Colorado Courts Should Evaluate Novel Issues of
            Colorado Law....................................................................12

        6.  Factor 6: Feasibility of Consolidation Favors Transfer.....................14

        7.  Factor 7: The District of Colorado Has a Greater Interest in
            This Case.........................................................................14

        8.  Factor 8: Relative Court Congestion Is Neutral or Favors
            Transfer...........................................................................15

        9.  Transfer Furthers the Interests of Justice.........................................16

    C.  This Court Should Transfer or Dismiss This Case Pursuant to its
        Inherent Authority to Combat Obvious Forum and Judge Shopping ..........16

IV.  CONCLUSION................................................................................................19

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5
*Alvarado v. Bank of Am., N.A.*,
    No. CIV S-08-2862 LKK/DA, 2009 WL 720875 (E.D. Cal. Mar. 17, 2009)........ 17, 18

6

7
*Arnell v. Lieb*,
    No. 08CV441-LAB (RBB), 2008 WL 11336916 (S.D. Cal. Sept. 9, 2008)............... 16

8

9
*Barrera v. USAA Federal Savings Bank*,
    No. CV-20-01344, 2020 WL 5237332 (D. Ariz. Sept. 2, 2020) ................................... 12

10

11
*Coors Brewing Co. v. Oak Beverage, Inc.*,
    549 F. Supp. 2d 764 (E.D. Va. 2008) ........................................................................ 11

12

13
*Ecasali v. McMillin*,
    No. 24-CV-02489-BAS-JLB, 2025 WL 1333670 (S.D. Cal. May 7, 2025)............... 17

14

15
*Emerson v. Toyota Motor N. Am., Inc.*,
    No. 14-CV-02842-JST, 2014 WL 6985183 (N.D. Cal. Dec. 9, 2014)......... 8, 10, 16, 18

16
*Flo & Eddie, Inc. v. Sirius XM Radio Inc.*,
    No. CV 13-5693, 2013 WL 12137591 (C.D. Cal. Dec. 3, 2013) ................................ 13

17

18
*Foster v. Nationwide Mut. Ins. Co.*,
    No. C 07-04928 SI, 2007 WL 4410408 (N.D. Cal. Dec. 14, 2007) ...................... 10, 11

19

20
*Garza v. Confi-Chek, Inc.*,
    No. 218CV01968KJMEFB, 2020 WL 243117 (E.D. Cal. Jan. 16, 2020) ....... 12, 13, 14

21

22
*Gravestock v. Abilene Motor Express, Inc.*,
    No. 814-CV-00170JVSKESX, 2017 WL 10592259 (C.D. Cal. Mar. 1, 2017) ........... 11

23

24
*Hawkins v. Gerber Prods. Co.*,
    924 F. Supp. 2d 1208 (S.D. Cal. 2013)................................................................. 6, 7, 9

25

26
*Hernandez v. City of El Monte*,
    138 F.3d 393 (9th Cir. 1998) ............................................................................. 2, 7, 16

27

28
*HTC Corp. v. Tech. Props.*,
    No. 08-00877-JF, 2008 WL 5244905 (N.D. Cal. Dec. 16, 2008) ............................... 12

ii

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) ................................................................. 6, 7

*Keilholtz v. Superior Fireplace Co.*,
  No. C 08-00836 SI, 2008 WL 5411497 (N.D. Cal. Dec. 29, 2008) ............................. 19

*Lane v. City of Emeryville*,
  56 F.3d 71 (9th Cir. 1995) ................................................................. 16

*LegalForce, Inc. v. Legalzoom.com, Inc.*,
  No. 218CV06147ODWGJS, 2018 WL 6179319 (C.D. Cal. Nov. 27, 2018) ....... *passim*

*Lou v. Belzberg*,
  834 F.2d 730 (9th Cir. 1987) ................................................................. 9

*Mehta v. Power-One, Inc.*,
  No. CV 13-4631-GW(CWX), 2014 WL 12603185 (C.D. Cal. June 2, 2014) .............. 9

*Meter v. Mondelez Int'l, Inc.*,
  No. 24-cv-00565-AMO, 2025 WL 875391 (N.D. Cal. March 18, 2025) ................... 12

*Meza v. Procter & Gamble Co.*,
  No. EDCV 23-91 JGB (SHKX), 2023 WL 3267861 (C.D. Cal. Apr. 27, 2023) ... 10, 19

*Nat'l Treasury Emps. Union v. I.R.S.*,
  765 F.2d 1174 (D.C. Cir. 1985) ................................................................. 19

*Pavao v. Unifund CCR Partners*,
  934 F. Supp. 2d 1238 (S.D. Cal. Mar. 29, 2013) ........................................ 15

*Pers. Staffing Grp., LLC v. XL Ins. Am., Inc.*,
  No. CV 22-6491-JFW (SKX), 2022 WL 18717594 (C.D. Cal. Dec. 1, 2022) .............. 9

*Saleh v. Titan Corp.*,
  361 F. Supp. 2d 1152 (S.D. Cal. 2005) .................................................... 15

*Sugarman v. Muddy Waters Cap. LLC*,
  No. 19-CV-04248-MMC, 2021 WL 583220 (N.D. Cal. Feb. 16, 2021) ...................... 14

*Trend Micro Inc. v. RPost Holdings, Inc.*,
  No. 13-CV-05227-WHO, 2014 WL 1365491 (N.D. Cal. Apr. 7, 2014) ....................... 9

*Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*,
  341 F. Supp. 2d 69 (D. P. R. 2004) ........................................................ 18

**MPA IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER OR DISMISS**
**Case No. 3:25-cv-01474-JO-MSB**

*Vital Pharms., Inc. v. Monster Energy Co.*,
    No. EDCV201127JGBSPX, 2020 WL 6162796 (C.D. Cal. Aug. 27, 2020) ............... 16

*Walters v. Famous Transports, Inc.*,
    488 F. Supp. 3d 930 (N.D. Cal. 2020) .......................................................... 11

**Statutes**

28 U.S.C. § 1391(b) ........................................................................... 7, 8

28 U.S.C. § 1404(a) ............................................................................. *passim*

Colo. Rev. Stat. § 6-1-106(1)(b) ................................................................ 13

Colo. Rev. Stat. § 6-1-113 ..................................................................... 13

Colo. Rev. Stat. § 6-1-304 ..................................................................... *passim*

Colo. Rev. Stat. § 6-1-901 et seq. ............................................................ 13

**Other Authorities**

4 CCR 723-2-2891(b) ......................................................................... 13

D.C.COLO.LCivR 3.2(b) ...................................................................... 17

D.C.COLO.LCivR 40.1 ........................................................................ 4

Fed. R. Civ. P. 5.1 ........................................................................... 11

## I.    <u>INTRODUCTION</u>

Plaintiff—a Colorado resident—sues under a Colorado statute (the Colorado Prevention of Telemarketing Fraud Act ("PTFA"), Colo. Rev. Stat. § 6-1-304), seeking to represent a Colorado-only class. Why, then, would he have filed this case in San Diego County Superior Court after his counsel previously filed and voluntarily dismissed the same case in Colorado? Transparent forum and judge shopping. Plaintiff's counsel *already* filed this *substantively identical* case in the District of Colorado, along with four other cases against different defendants asserting the identical legal analysis. Once the cases were deemed related under District of Colorado Local Rules and assigned to Judge Daniel D. Domenico (pursuant to the district's case assignment procedures), Plaintiff's counsel swiftly and without explanation dismissed each case and then refiled them scattered throughout the country in various state courts.

This case belongs in Colorado and should be transferred or dismissed for two reasons. <u>First</u>, this case is well-suited for transfer under 28 U.S.C. § 1404(a). Transfer is far more convenient for the parties and witnesses and manifestly furthers the interests of justice. Plaintiff's choice of forum is entitled to little, if any, deference for myriad reasons: (i) this is not Plaintiff's home forum, (ii) the putative class resides predominantly (if not entirely) in Colorado, and (iii) this case was refiled in California to evade the assigned Colorado judge. Plaintiff's counsel concedes Colorado is more convenient—they originally filed *five* similar cases (including this one) in the District of Colorado. The remaining transfer considerations are either neutral or favor Colorado. This case centers around conduct allegedly occurring in Colorado, under Colorado law. To counsel's knowledge, *no court* has ever interpreted the provision of Colorado law at issue, making it uniquely proper for a Colorado court to interpret. It is also in the interests of justice to transfer this case back to Colorado to prevent forum and judge-shopping.

///

///

///

Second, this Court should use its inherent authority to transfer or dismiss this case outright for transparent forum and judge shopping. In the Ninth Circuit, "a district court has the inherent power to transfer or dismiss an action if it believes the case arises from judge-shopping." *LegalForce, Inc. v. Legalzoom.com, Inc*., No. 218CV06147ODWGJS, 2018 WL 6179319, at *2 (C.D. Cal. Nov. 27, 2018); *see also Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). The indicia of forum and judge shopping is clear. There is no other explanation for Plaintiff's counsel's conduct of (i) originally filing this case (and four others) in the District of Colorado, (ii) swiftly dismissing these cases once assigned to Judge Domenico, and (iii) refiling these Colorado-only cases in various state courts, while attempting to swap or "rotate" plaintiffs between the cases to mask their conduct.

## II.    BACKGROUND

### A.    Plaintiff's Allegations

Plaintiff is a resident of Colorado Springs, Colorado. Dkt. 1–2 ¶ 10. Plaintiff alleges that Defendants Instant Checkmate, LLC, Intelius LLC, and Truthfinder, LLC (collectively "Defendants") list and sell Plaintiff's and other Coloradans' cell phone numbers on their websites—instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com, and zabasearch.com—purportedly in violation of "their PTFA privacy rights." *Id*. ¶¶ 10, 28, 32. At some unspecified time "shortly before filing suit," Plaintiff alleges that he learned his cellular telephone number was listed in Defendants' "directories" but does not identify where on those sites his number can be found. *Id.* ¶ 10.

Plaintiff brings a single count complaint alleging that publishing his cellular telephone number violates Section 6-1-304(4) of the PTFA. *Id.* ¶¶ 43-52. Plaintiff seeks to represent "all Colorado residents whose cell phone numbers were listed on one of Defendants' websites." *Id.* ¶ 36.

///

///

///

**B.      Plaintiff's Counsel's Substantively Identical Colorado Action**

This case was originally filed by the same counsel on December 18, 2024 as *Larancuent v. PeopleConnect, Inc., et al.*, No. 24-cv-03498 in the District of Colorado ("*Larancuent*"), naming related entities PeopleConnect, Inc., Intelius LLC, PubRec, LLC, Control Group Media Company, LLC, Instant Checkmate, LLC and Truthfinder, LLC. *Larancuent* Dkt. 1. *Larancuent* is substantively identical to this case challenging the operation of the same websites: instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com, and zabasearch.com (*Compare* Dkt. 1–2 ¶¶ 18–28 *with Larancuent* Dkt. 1 ¶¶ 22–32), alleging the same PTFA cause of action for the same relief (*Compare* Dkt. 1–2 ¶¶ 43–52 *with Larancuent* Dkt. 1 ¶¶ 47–56), and seeking to represent the same putative class of "all Colorado residents whose cell phone numbers were listed on one of Defendants' websites" (*Compare* Dkt. 1–2 ¶ 36 *with Larancuent* Dkt. 1 ¶ 40). Plaintiff's counsel simply identified a different named plaintiff and reduced the defendant pool to only the entities operating the websites (dropping the parent and other corporate entities).

In *Larancuent*, Plaintiff's counsel represented that (i) "a substantial part of the events giving rise to the claims asserted herein occurred in Colorado"; (ii) "Defendants tortious conduct…caused injury in Colorado and thus constituted a tort [in Colorado]"; (iii) venue was proper in Colorado "because the wrongful conduct giving rise to this case occurred in and was directed to this District"; and (iv) venue was proper in Colorado because the plaintiff resided there. *Larancuent* Dkt. 1 ¶¶ 20, 21.

**C.      Plaintiff's Counsel's Serially Filed Colorado PTFA Actions**

The *Larancuent* case was not isolated; Plaintiff's counsel filed four other cases in the District of Colorado in December of 2024 alleging the same violations of the PTFA for the listing of Coloradans' cellular telephone numbers on other companies' respective websites and purporting to represent the same putative classes. On December 9, 2024, Plaintiff's counsel initiated *Aufrichtig v. Enformion, LLC*, 1:24-cv-03405 ("*Enformion*"). Nine days later, Plaintiff's counsel initiated (i) *Larancuent v. Checkpeople, LLC*, No. 1:24-cv-03497 ("*Checkpeople*"), (ii) *Tucker et al v. Spokeo, Inc.*, 1:24-cv-03499 ("*Spokeo*"),

and (iii) *Tucker v. Whitepages, Inc*., 1:24-cv-03500 ("*Whitepages*"). These cases (collectively, the "Colorado PTFA Cases") were the first cases litigating Section 6-1-304(4) of the PTFA in the twenty years since its enactment.

### D. Assignments to Judge Daniel D. Domenico (Over Plaintiff's Counsel's Objection) and Resulting Voluntary Dismissals

Local Rule 40.1 of the District of Colorado Local Rules governs assignments (and re-assignments) and generally requires assignment "by random draw." D.C.COLO.LCivR 40.1(a). Related cases can be "assigned to the same judicial officers: (A) by reassignment on a majority vote of the active district judges…; (B) by reassignment with approval of the Chief Judge…; or (C) by entry of an order granting a motion to consolidate…" D.C.COLO.LCivR 40.1(d)(4). "Related cases" are "cases that have common facts and claims and: (1) have at least one party in common; or (2) are filed serially or collectively as a group by the same attorney or law firm." D.C.COLO.LCivR 3.2(b). Parties are *required* to provide "notice identifying all cases pending in this or any other federal, state, or foreign jurisdiction that are related." D.C.COLO.LCivR 3.2(a).

*Enformion* was assigned to Judge Daniel D. Domenico. *Enformion* Dkt. 2. *Larancuent* was assigned to Judge Gordon P. Gallagher. *Larancuent* Dkt. 2. *Spokeo, Whitepages,* and *Checkpeople* were not initially assigned to Article III judges.

On February 6, 2025, the *Enformion* defendant filed the required notice of related cases identifying the Colorado PTFA Cases due to their "common factual allegations," "the same legal claim," seeking "the same relief," and their being "filed by the same counsel." *Enformion* Dkt. 15. Plaintiff's counsel opposed the same day, arguing that "settlement discussions" with Enformion were the reason "the cases should not be submitted for special reassignment or transfer under local rule 40.1." *Enformion* Dkt. 16 ¶ 2; *see also* ¶ 10:

> Finally, even if the Court believes the cases to be related, it should take no further action. The parties in the instant case are in the midst of the settlement process. *See* Dkt. 12. Relating the four other cases to this one (which very well may be terminated in short order) would therefore not serve the end of conserving judicial

**MPA IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER OR DISMISS**
**Case No. 3:25-cv-01474-JO-MSB**

resources; in fact, it could create considerable judicial complications and significantly delay the administration of justice.

On February 7, 2025, Defendants filed a notice of related cases in *Larancuent*. *Larancuent* Dkt. 11. On February 10, 2025, Plaintiff's counsel opposed but tellingly could not lean on any settlement discussions. *Larancuent* Dkt. 12.

On February 13, 2025, the *Whitepages* defendant filed a notice of related cases and a statement that the parties did not consent to the jurisdiction of the magistrate judge. *Whitepages* Dkt. 15, 16. Plaintiff's counsel opposed the same day, but again could not reference settlement discussions. *Whitepages* Dkt. 17. The next day, February 14, 2025, due to the parties' non-consent to the jurisdiction of the magistrate, *Whitepages* was "randomly reassigned to Judge Daniel D. Domenico." *Whitepages* Dkt. 18.

On February 20, 2025, the *Spokeo* defendant filed a notice of related cases. *Spokeo* Dkt. 11. The next day, February 21, 2025, Plaintiff's counsel opposed. Again, counsel could not lean on settlement discussions with Spokeo but instead argued that the "parties in the lowest numbered *Enformion* case are in the mist of the settlement process." *Spokeo* Dkt. 12 ¶ 11. That same day, the Court "with the approval of the Chief Judge," ordered *Spokeo* reassigned "to District Judge Domenico." *Spokeo* Dkt. 13. On February 21, 2025, *Larancuent* likewise was "transferred to District Judge Daniel D. Domenico." *Larancuent* Dkt. 24.

On March 4, 2025, prior to any appearance from counsel, absent any notice of related case, and following no substantive docket activity, *Checkpeople* was likewise reassigned to Judge Domenico. *Checkpeople* Dkt. 6. Just ten days later, and following no further substantive activity, on March 14, 2025, Plaintiff's counsel voluntarily dismissed each case (except for *Aufrichtig*, which was dismissed pursuant to a settlement on March 12, 2025).

### E.    Plaintiff's Counsel Refiles in Various State and Federal Courts

Shortly after dismissing the Colorado PTFA Cases, Plaintiff's counsel began refiling in various courts throughout the country (some of which have been removed):

///

| District of Colorado Case | Re-Filed Case |
|---|---|
| *Tucker v. Whitepages, Inc.*, 1:24-cv-03500 (Dec. 18, 2024) | *Clark v. Whitepages, Inc.*, 2:25-cv-00810 (W.D. Wash. Apr. 10, 2025) |
| *Tucker et al v. Spokeo, Inc.*, 1:24-cv-03499 (Dec. 18, 2024) | *Larancuent v. Spokeo, Inc.*, 25-cv-04935 (C.D. Cal. May 8, 2025) |
| *Larancuent v. Checkpeople, LLC et al*, 1:24-cv-03497 (Dec. 18, 2024) | *McClure v. Checkpeople LLC*, 25TC-224808537 (Orange County, Fl. Jun. 9, 2025) |
| *Aufrichtig v. Enformion, LLC*, 1:24-cv-03405 (Dec. 9, 2024) | N/A |

Each case involves a single claim under the Colorado PTFA and a Colorado-only putative class. Plaintiff's counsel's intent appears to be scattering their cases so widely that it minimizes the potential that their cases end up back before Judge Domenico.

Plaintiff's counsel has since initiated similar PTFA suits in San Francisco County, California, Suffolk County, Massachusetts, King County, Washington and the Southern District of New York (some of which have been removed).[1]

## III.  **DISCUSSION**

### A.  **Legal Standard**

Transfer is appropriate under Section 1404(a) where transfer is to a jurisdiction where (i) the action "might have been brought" and (ii) convenience of the parties and witnesses and the interests of justice weigh in favor of transferring the action. *See* 28 U.S.C. § 1404(a); *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1212 (S.D. Cal. 2013). Section 1404(a) allows for an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation omitted). Courts have "broad discretion" in deciding a transfer motion. *Hawkins*, 924 F. Supp. 2d at 1212. Though Section 1404(a) mentions three factors—interests of justice, convenience of the parties, and convenience of the witnesses—courts also consider

---

[1] *Cochrane v. Zenleads, Inc.*, CGC-25-624186 (San Francisco County Sup. Ct.); *Roberts v. Infopay, Inc.*, 2584CV01104-BLS1 (Suffolk County Sup. Ct.); *McClure v. RocketReach LLC*, 25 2-11221 7 (King County Sup. Ct.); *Collins v. BeenVerified, LLC*, 25-cv-02577 (S.D.N.Y.).

additional factors:

> (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with an applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum…

*Id.* at 1213; *see also Jones*, 211 F.3d at 498–99.

District courts likewise have the inherent authority to transfer, or even dismiss, a case to remedy forum or judge shopping. *See, e.g.*, *Hernandez*, 138 F.3d at 398 ("Our case law supports the proposition that a district court has the inherent power *sua sponte* to dismiss an action for judge-shopping."); *LegalForce*, 2018 WL 6179319, at *2 ("[A] district court has the inherent power to transfer or dismiss an action if it believes the case arises from judge-shopping.").

**B.    This Court Should Transfer this Case Back to Colorado Under Section 1404(a)**

Each of the Section 1404(a) factors favor transfer of this forum and judge shopped Colorado case back to the District of Colorado. There is no reason this case—filed by a Colorado plaintiff, originally filed in Colorado, concerning a novel application of a Colorado statute, brought on behalf of a putative Colorado class—should proceed in the Southern District of California. The convenience of the parties and witnesses and the interests of justice warrant transfer.

**1.    Venue Is Proper in the District of Colorado**

The first inquiry is whether "venue is proper in the Southern District of California and that this action could have been brought in the District of [Colorado]." *Hawkins*, 924 F. Supp. 2d at 1213. Defendants do not challenge whether venue could be proper here; Defendants are headquartered in this District. *Id.*

This action could have been (and previously was) brought in the District of Colorado pursuant to 28 U.S.C. § 1391(b) because, allegedly, "a substantial part of the events or

7

omissions giving rise to the claim occurred" in the District of Colorado. *Larancuent* Dkt. 1 ¶ 20. Indeed, Plaintiff alleges here that the basis for this case stems from the alleged online listing of cellular telephone numbers of Colorado residents, and the purported harm to Coloradans based on an alleged violation of a Colorado statute. *See, e.g.*, Dkt. 1–2 ¶¶ 10-13, 32, 51. Based on the same underlying allegations, in *Larancuent*, Plaintiff's counsel alleged that District of Colorado has "personal jurisdiction over Defendants because Defendants regularly transact business in Colorado and a substantial part of the events giving rise to the claims asserted herein occurred in Colorado" and "Defendants tortious conduct…caused injury in Colorado and thus constituted a tort [in Colorado]." *Larancuent* Dkt. 1 ¶ 20. Plaintiff's counsel further alleged venue is proper in the District of Colorado, alleging in *Larancuent* that Section 1391(b) was satisfied "because the wrongful conduct giving rise to this case occurred in and was directed to this District." *Larancuent* Dkt. 1 ¶ 21. Thus, "Plaintiff could not very well contest this point now, as [his counsel] previously filed a nearly-identical complaint in the [District of Colorado], stating that "[v]enue is proper in [the District of Colorado]." *Emerson v. Toyota Motor N. Am., Inc.*, No. 14-CV-02842-JST, 2014 WL 6985183, at *2 (N.D. Cal. Dec. 9, 2014); *Larancuent* Dkt. 1 ¶ 21. Therefore, there can be no dispute that venue is proper in the District of Colorado and this case could have been brought there.

## 2.    Factor 1: Plaintiff's Choice of Forum Is Entitled to Minimal (if Any) Weight or Deference

Plaintiff's choice of forum is entitled to minimal, if any weight, for four reasons: (i) it is not Plaintiff's home forum, (ii) Plaintiff alleges the events leading to this case occurred in Colorado, (iii) Plaintiff is pursuing a Colorado-only class, and (iv) Plaintiff and his counsel are engaged in forum and judge shopping.

<u>First</u>, Plaintiff is a resident of Colorado Springs, Colorado. (*See* Dkt. 1–2 ¶ 10.) Plaintiff's decision to file in San Diego – far from his home forum – is as a direct result of forum and judge shopping (discussed further below). Suffice it to say, "[w]hen a plaintiff's choice of forum is not his home forum, any presumption—or 'heavy burden'—that would

otherwise apply in favor of that forum on plaintiff's behalf 'applies with less force,' because the assumption that the chosen forum is appropriate in such a case is 'less reasonable.'" *Mehta v. Power-One, Inc*., No. CV 13-4631-GW(CWX), 2014 WL 12603185, at *4 (C.D. Cal. June 2, 2014) (quoting *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp*., 549 U.S. 422, 430 (2007)); *see also Trend Micro Inc. v. RPost Holdings, Inc.*, No. 13-CV-05227-WHO, 2014 WL 1365491, at *4 (N.D. Cal. Apr. 7, 2014)) (same).

Second, the operative facts leading to this case allegedly occurred in Colorado. This case is brought by a Colorado resident, under Colorado law, with a Colorado-only putative class. (Dkt. 1–2 ¶¶ 1, 10, 26, 32, 36.) Plaintiff does not allege any operative fact that occurred in California, much less this District. His counsel's *Larancuent* filing establishes the contrary, wherein based on the same conduct purportedly giving rise to this case, Plaintiff's counsel alleged "the wrongful conduct giving rise to this case occurred in and was directed to this District." *Larancuent* Dkt. 1 ¶ 21; *see also* ¶ 20 ("a substantial part of the events giving rise to the claims asserted herein occurred in Colorado" and the alleged "tortious conduct – listing the cellular telephone numbers of thousands of individuals whom Defendants know to reside in Colorado, without requesting or receiving said individuals' affirmative consent – caused injury in Colorado and thus constituted a tort here"). Thus Plaintiff's "choice of forum is entitled to minimal deference because this District has little or no interest in the parties or this action. Specifically, all of the operative facts occurred outside of California…" *Pers. Staffing Grp., LLC v. XL Ins. Am., Inc.*, No. CV 22-6491-JFW (SKX), 2022 WL 18717594, at *3 (C.D. Cal. Dec. 1, 2022).

Third, Plaintiff's choice of forum is entitled to even less deference because he is pursuing a putative class action involving solely Colorado residents. The Ninth Circuit directs that "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). The rationale is, in part, that "the reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside within the district." *Hawkins*, 924 F. Supp. 2d at

9

1215. This problem is present here in spades. Plaintiff *and his entire putative class* reside in Colorado. The Southern District of California presents a manifestly inconvenient forum for the very individuals Plaintiff seeks to represent, and highlights the central issue presented here—Plaintiff and his counsel's blatant forum and judge shopping.

<u>Fourth</u>, as discussed in detail in Section III.C. below, Plaintiff and his counsel are engaged in transparent forum and judge shopping. In short, the procedural posture demonstrates Plaintiff's counsel is transparently seeking to avoid litigating before Judge Daniel D. Domenico, the District of Colorado judge to which *Larancuent* (and four other Colorado PTFA Cases) were previously assigned. Indeed, Plaintiff's counsel vigorously opposed the required notices of related cases in each Colorado PTFA Case and then, once all the cases were assigned to Judge Domenico, promptly dismissed each case. In a clear effort to find a favorable forum and judicial draw, Plaintiff's counsel chose to refile around the country despite having Colorado plaintiffs pursuing Colorado cases, on behalf of putative classes of Coloradans. Plaintiff himself is involved in this forum shopping filing his Colorado PTFA claims in San Diego County, California and King County, Washington (*see Clark v. Whitepages, Inc.*, 2:25-cv-00810 (W.D. Wash. Apr. 10, 2025)).

In such circumstances, Plaintiff's choice of forum is entitled to no deference. *See, e.g.*, *Meza v. Procter & Gamble Co*., No. EDCV 23-91 JGB (SHKX), 2023 WL 3267861, at *3 (C.D. Cal. Apr. 27, 2023) ("If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference.") (quotations and citation omitted); *LegalForce*, 2018 WL 6179319, at *3 ("Moreover, concerns of forum-shopping are potentially present when a plaintiff pursues litigation outside his home district.") (quotations and citation omitted); *Foster v. Nationwide Mut. Ins. Co*., No. C 07-04928 SI, 2007 WL 4410408, at *2 (N.D. Cal. Dec. 14, 2007) ("Where forum-shopping is evident, however, courts should disregard plaintiff's choice of forum."); *Emerson*, 2014 WL 6985183, at *2 ("The degree of deference this Court should afford to Plaintiff's choice of forum is further compromised in this case, where Plaintiff previously filed the very same action in another District."). Thus, Plaintiff's choice in forum should

10

be disregarded entirely. Plaintiff's choice to file a Colorado-only case in San Diego County is transparent forum and judge shopping that favors transfer.

### 3.     Factors 2 and 3: Convenience of Parties and Witnesses Favors Transfer

The District of Colorado is Plaintiff's home forum. It is also the home forum for the entirety of Plaintiff's putative class. Thus, the District of Colorado presents a far more convenient forum for the parties and witnesses. *See, e.g.*, *Foster*, 2007 WL 4410408, at *4 (taking into account the convenience of putative class members); *Walters v. Famous Transports, Inc.*, 488 F. Supp. 3d 930, 938 (N.D. Cal. 2020) ("Ohio is the closer forum for the named parties than is the state of California, and Ohio is further overwhelmingly more convenient to potential class members than is California."). Plaintiff's counsel, of course, found the District of Colorado so naturally convenient, they originally filed five cases (including the substantive identical *Larancuent* case) in the District of Colorado.

Further, Defendants anticipate arguing the Colorado statute at issue (if interpreted as Plaintiff alleges) violates the free speech guarantees of the First Amendment and Article II, Section 10 of the Colorado Constitution, which would necessitate notice to the Colorado Attorney General under Federal Rule of Civil Procedure 5.1. *See* Fed. R. Civ. P. 5.1(a). It will be far more convenient for the Colorado Attorney General, should they intervene and appear in, for this case to proceed in the District of Colorado. *Coors Brewing Co. v. Oak Beverage, Inc.*, 549 F. Supp. 2d 764, 774 (E.D. Va. 2008) ("Should the New York Attorney General choose to intervene in this action, the convenience of the parties would include the convenience of the New York Attorney General. While the New York Attorney General could travel to Virginia, it would be an inconvenient forum in contrast with the Southern District of New York."). And while Defendants will be subject to deposition in this District regardless of where the case proceeds,[2] Colorado is certainly more convenient for Plaintiff

---

[2] While the named defendants are headquartered in the Southern District of California, their corporate representatives would be deposed there regardless of where this case proceeds. *See, e.g.*, *Gravestock v. Abilene Motor Express, Inc.*, No. 814-CV-00170JVSKESX, 2017

**MPA IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER OR DISMISS**
**Case No. 3:25-cv-01474-JO-MSB**

as he would otherwise be subject to traveling to this District for his deposition. *See, e.g.,* *HTC Corp. v. Tech. Props.*, No. 08-00877-JF, 2008 WL 5244905, at *1 (N.D. Cal. Dec. 16, 2008) ([A]s a general rule, 'plaintiff will be required to make himself or herself available for examination in the district in which suit was brought.'") (citation omitted).

### 4.   Factor 4: Ease of Access to Evidence is Neutral

"[I]n the digital age, ease of access is neutral given the portability of electronic discovery." *Meter v. Mondelez Int'l, Inc.*, No. 24-cv-00565-AMO, 2025 WL 875391, *3 (N.D. Cal. March 18, 2025) (alteration and quotation marks omitted).

### 5.   Factor 5: Colorado Courts Should Evaluate Novel Issues of Colorado Law

Plaintiff asserts a single claim under Colorado law, namely Colo. Rev. Stat. § 6-1-304(4)(a)(I). This law provides: "a person commits an unlawful telemarketing practice if the person knowingly: (I) Lists a cellular telephone number in a directory for a commercial purpose unless the person whose number has been listed has given affirmative consent, through written, oral, or electronic means, to such listing." Colo. Rev. Stat. Ann. § 6-1-304(4)(A)(I). To counsel's knowledge, no court has ever interpreted this provision of the PTFA in the more than 20 years since it was enacted.

Colorado courts are best suited to evaluate issues of first impression arising exclusively out of Colorado law. There is no reason for a Southern District of California court to wade into a first-of-its-kind interpretation of a complex Colorado statutory scheme. *See, e.g.*, *Garza v. Confi-Chek, Inc.*, No. 218CV01968KJMEFB, 2020 WL 243117, at *6 (E.D. Cal. Jan. 16, 2020) (transferring to Texas a case involving novel issues of Texas law); *Barrera v. USAA Federal Savings Bank*, No. CV-20-01344, 2020 WL 5237332, at *3 (D. Ariz. Sept. 2, 2020) ("Defendant argues, and Plaintiff concedes, that Texas is more familiar

WL 10592259, at *1 (C.D. Cal. Mar. 1, 2017) ("There is a general presumption that a defendant's deposition should take place in the district of his residence—or, in the case of a corporate defendant, the corporation's principal place of business."). Transferring this case to the District of Colorado thus results in no inconvenience, particularly to Plaintiff.

with the governing law in this case…This Court agrees."); *cf. Flo & Eddie, Inc. v. Sirius XM Radio Inc*., No. CV 13-5693, 2013 WL 12137591, at *6 (C.D. Cal. Dec. 3, 2013) ("[T]he fact that this case appears to present a question of first impression regarding the meaning and scope of California law weighs heavily against transfer.").

In addition, in a diversity case, such as this, familiarity with the state law at issue is a key consideration. *See, e.g.*, *Garza*, 2020 WL 243117, at *6. This case will involve not just first-impression interpretation of the PTFA itself, but will also include myriad threshold Colorado-specific issues, including for example:

- The scope of the PTFA and whether it applies to entities that do not engage in and explicitly prohibit the use of their information for telemarketing;

- The scope of the PTFA in the context of: (1) the availability of Coloradoans' cell phone numbers from government sources; and (2) laws and regulations permitting a "Conforming List Broker" to sell lists of Coloradans' phone numbers "for the purpose of telephone solicitation" provided they comply with Colorado's No Call law (Colo. Rev. Stat. § 6-1-901 et seq.; 4 CCR 723-2-2891(b));

- The meaning of undefined terms in the PTFA including "directory for a commercial purpose" in the context of a law explicitly directed at telemarketing;

- Whether the PTFA falls under the Colorado Consumer Protection Act's ("CCPA") exception for "Publishers" who are "engaged in the dissemination of information or reproduction of printed or pictorial matter who publish, broadcast, or reproduce e material" (Colo. Rev. Stat. § 6-1-106(1)(b));

- Whether the CCPA's statutory standing requirement (Colo. Rev. Stat. § 6-1-113) applies to PTFA claims;

- Whether Plaintiff's claim is barred by the statute of limitations; and

- Whether the PTFA is an unconstitutional restriction of speech under the U.S. and/or Colorado constitutions.

These are precisely the kind of considerations this factor is intended to encompass and

13

clearly favor transfer. *See, e.g.*, *Garza*, 2020 WL 243117, at *6 (noting this factor "reflects a presumption that a federal court will know more about the substantive law of its home state (having derived this wisdom from handling diversity suits) than a federal court located in a different state.") (quotations and citation omitted).

### 6. Factor 6: Feasibility of Consolidation Favors Transfer

Through its own gamesmanship in dismissing all the Colorado PTFA Cases once transferred to Judge Domenico and refiling them around the country, Plaintiff's counsel has made it intentionally difficult to coordinate the Colorado PTFA Cases. But Defendants anticipate other defendants may also seek transfer back to the District of Colorado. One of the re-filed cases must be "the first" to be transferred back for this factor to become ripe for other matters, and this factor does not weigh in Plaintiff's favor when the absence of a related pending case in Colorado is only the result of his counsel's machinations.

Defendants ultimately contend that these matters should be coordinated before a single judge (as opposed to consolidated) and they were previously found to be related under the District of Colorado Local Rules. It is likely that any matters transferred back to the District of Colorado will be returned to Judge Domenico. Thus, this factor favors transfer when the matters are related, "irrespective of whether actions could be consolidated." *See Sugarman v. Muddy Waters Cap. LLC*, No. 19-CV-04248-MMC, 2021 WL 583220, at *3 (N.D. Cal. Feb. 16, 2021) (quoting *A. J. Industries, Inc. v. United States District Court*, 503 F.2d 384, 389 (9th Cir. 1974)).

### 7. Factor 7: The District of Colorado Has a Greater Interest in This Case

To reiterate, this case is pursued by a *Colorado resident* on behalf of a putative *Colorado-only* class, asserting exclusively a *Colorado claim*. The connections between this case and the District of Colorado are extensive and self-evident. *See, e.g.*, *Garza*, 2020 WL 243117, at *6 (highlighting "the interest of Texas federal courts in resolving matters of state law applicable within their districts.").

///

Conversely, the only connection to the Southern District of California is that Plaintiff chose to pursue defendants based in San Diego. This forum, however, has no interest in Defendants' alleged non-compliance with a Colorado statute and purported injuries to Coloradans. *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1167 (S.D. Cal. 2005) ("[T]his is not a 'localized controversy' that the Southern District of California has an interest in having decided here. Plaintiffs are not residents of this district, the alleged acts of abuse that underlie plaintiffs' claims did not occur in this district, and California does not have any significant interest in applying and interpreting its laws in this case."). There is no reason to burden a Southern District of California jury with a purely Colorado controversy. *cf. Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1245 (S.D. Cal. Mar. 29, 2013) ("[I]t is unreasonable to burden the residents of the Southern District by requiring that they sit on a jury to resolve claims of a plaintiff from Santa Clara County against a New York Partnership and a Los Angeles law firm over the filing of a collection suit in Santa Clara Superior Court.").

This case, at bottom, presents a Colorado controversy, and should be heard in Colorado. There is no need to burden a local jury (or this Court) with this dispute.

### 8.    Factor 8: Relative Court Congestion Is Neutral or Favors Transfer

The relative court congestion and time to trial in each forum is neutral or favors transfer. As of the last reported data from the Administrative Office of the U.S. Courts, there are approximately 4,981 pending cases in the Southern District of California in comparison with 3,864 in the District of Colorado. *See* ADMIN. OFFICE OF THE U.S. COURTS, *at* https://www.uscourts.gov/data-news/data-tables/2024/12/31/federal-court-management-statistics/n-a-1 (Dec. 31, 2024) (last accessed June 24, 2025). Further, the average time to trial in the Southern District of California is 37.3 months, in comparison with 35.5 months in the District of Colorado. *Id.* Finally, 10.8% of civil cases in the Southern District of California are older than three years, in comparison with 6.5% of the District of Colorado. *Id.* On the other hand, the number of pending actions per judge in the

15

Southern District of California is 383 in comparison with 552 matters per judge in the District of Colorado. *Id.* Accordingly, on balance relative court congestion is neutral or weighs in favor of transfer.

### 9. Transfer Furthers the Interests of Justice

Finally, remedying Plaintiff's counsel's evident forum and judge shopping serves the interests of justice. "Judge-shopping is a practice that has been universally condemned." *Lane v. City of Emeryville*, 56 F.3d 71 (9th Cir. 1995) (quotations omitted). Courts in this Circuit have determined that "[a] key 'interest of justice' factor is the prevention of forum shopping." *LegalForce*, 2018 WL 6179319, at *3 (internal quotations and citation omitted); *see also Vital Pharms., Inc. v. Monster Energy Co.*, No. EDCV201127JGBSPX, 2020 WL 6162796, at *3 (C.D. Cal. Aug. 27, 2020) ("[T]he interests of justice favor transfer of a matter if transferring the case discourages forum shopping."); *Emerson*, 2014 WL 6985183, at *4 (Transferring a case under Section 1404(a): "In sum, although many of the factors that courts apply when considering a motion to transfer under § 1404(a) are neutral in this case, the Court is troubled by the appearance of judge-shopping arising from Plaintiff's voluntary dismissal of the Central District action [after the District Judge had been assigned] and immediate re-filing in the Northern District."). As discussed herein, Plaintiff is engaged in transparent forum and judge shopping to avoid the District of Colorado and the judge assigned to oversee the then-coordinated actions.

### C. This Court Should Transfer or Dismiss This Case Pursuant to its Inherent Authority to Combat Obvious Forum and Judge Shopping

"Judge-shopping is an abuse of the judicial process and is therefore sanctionable behavior." *Arnell v. Lieb*, No. 08CV441-LAB (RBB), 2008 WL 11336916, at *6 (S.D. Cal. Sept. 9, 2008); *Hernandez*, 138 F.3d at 399 ("Judge-shopping clearly constitutes 'conduct which abuses the judicial process.'"). Accordingly, in addition to 28 U.S.C. § 1404(a), transfer or dismissal would be appropriate pursuant to this Court's inherent authority "to fashion an appropriate sanction for [judge shopping]." *Hernandez*, 138 F.3d at 398-99;

16

*accord LegalForce*, 2018 WL 6179319, at *5 ("Judge shopping abuses the judicial process and a court may dismiss the action or impose other suitable sanctions."); *Alvarado v. Bank of Am., N.A.*, No. CIV S-08-2862 LKK/DA, 2009 WL 720875, at *1 (E.D. Cal. Mar. 17, 2009) ("A district court has inherent power to dismiss a case due to judge-shopping as part of its power to sanction conduct that abuses the judicial process."); *Ecasali v. McMillin*, No. 24-CV-02489-BAS-JLB, 2025 WL 1333670, at *1 (S.D. Cal. May 7, 2025) ("The circumstances in which a court may exercise its inherent power to dismiss an action include where a plaintiff has...engaged in judge shopping."). As detailed in Sections II.B through II.E., the background of this case evidences blatant forum and judge-shopping.

Plaintiff's counsel filed five PTFA actions in the District of Colorado in December of 2024 (including four on the same day) based on the same fundamental allegations of the listing of Coloradans' cellular telephone numbers on the defendants' respective websites and purporting to represent the same putative classes of Coloradans. *See* Section II.B. The first of those cases was assigned to Judge Daniel D. Domenico. *Enformion* Dkt. 2. Plaintiff's counsel then sought to settle that case. *Enformion* Dkt. 16 ¶¶ 2, 10.

When Defendants filed the required Notices of Related Cases under District of Colorado Local Rule 3.2(b) for "cases that have common facts and claims and: (1) have at least one party in common; or (2) are filed serially or collectively as a group by the same attorney or law firm", Plaintiff's opposed (itself a bizarre act for a procedurally required filing). Tellingly, in opposing, Plaintiff's counsel referred to settlement discussions, but only for the case assigned to Judge Domenico, as a basis for not transferring or reassigning the cases. *Enformion* Dkt. 16 ¶¶ 2, 10; *Spokeo* Dkt. 12, ¶ 11.

Then, once the Colorado PTFA Cases were assigned to Judge Domenico (*Whitepages* Dkt. 18; *Spokeo* Dkt. 13; *Larancuent* Dkt. 24; *Checkpeople* Dkt. 6), Plaintiff's counsel voluntarily dismissed each case that it had not settled without any further substantive activity (*Whitepages* Dkt. 27; *Spokeo* Dkt. 20; *Larancuent* Dkt. 35; *Checkpeople* Dkt. 9). Plaintiff's counsel apparently perceived the assignment to Judge Domenico as an unfavorable ruling. Indeed, it is not as though the initial named plaintiff

against Defendants, John Larancuent, has given up the fight. Rather, he is now the named plaintiff against Spokeo in the Central District of California: *Larancuent v. Spokeo, Inc.*, 25-cv-04935 (C.D. Cal. May 8, 2025). Nor has Plaintiff's counsel; they have now filed Colorado-only class actions in more than a half dozen different forums around the country. *See* Section II.E. This conduct—dismissal and re-filing rather than have a single judge evaluate materially—evidences inappropriate forum and judge shopping. *See, e.g.*, *LegalForce*, 2018 WL 6179319, at *3 ("Forum shopping could reasonably be inferred if the plaintiff files the same or similar case represented by the same law firm in a different district after receiving unfavorable rulings there.").

Furthermore, even setting aside whether assignment to Judge Domenico was an unfavorable ruling (as Plaintiff's counsel clearly perceived), Courts in similar cases have sent cases back to their originally assigned judges based on similar (circumstantial) indicia of judge shopping because of "the timing of the events in the original suits." *Alvarado*, 2009 WL 720875, at *3. In *Alvarado*, the court found that dismissal followed by refiling of a suit was "adequate evidence to support the inference that plaintiffs engaged in improper judge-shopping," and transferred the case back. *Alvarado*, 2009 WL 720875, at *3-4. In *Emerson*, the Northern District transferred an improperly refiled action back to the original court because it was "troubled by the appearance of judge-shopping." *Emerson*, 2014 WL 6985183, at *4. There, the plaintiff filed her action in the Central District of California but dismissed it soon after the judge was assigned only to later refile in the Northern District. The court granted a motion to transfer because the maneuver created the appearance of impropriety. *Id.* And in *Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, the court transferred an action back to the original judge after the plaintiff dismissed and refiled it "in hopes that the random assigning process would result in a more favorable judge." 341 F. Supp. 2d 69, 73 (D. P. R. 2004).

Plaintiff may argue the forum shopping concerns are ameliorated because he was not the plaintiff in the *Larancuent* case. But "[i]t matters little whether the same named plaintiff is involved in the same or similar actions, ***for there is an equally strong inference***

18

*of forum shopping when the parallel actions are filed by the same law firm*, and such strategic machinations by plaintiff's counsel are equally discouraged under Section 1404(a)." *Meza*, 2023 WL 3267861, at *4 (emphasis added). Such inference is magnified here where the plaintiff in the prior action, Larancuent, is still pursuing the same claims against other defendants.

This behavior and gamesmanship should not be excused and ignored. As Justice (then Judge) Ginsburg explained, "[t]he semblance of judge shopping in the first instance is…a concern when a litigant discontinues a fray only to start over again on another day." *Nat'l Treasury Emps. Union v. I.R.S.*, 765 F.2d 1174, 1177 (D.C. Cir. 1985). This Court should thus use its inherent authority to either dismiss this case outright or transfer this matter back to the District of Colorado.[3]

## IV.   **CONCLUSION**

Defendants respectfully request that this Court: (i) transfer this case pursuant to 28 U.S.C. § 1404(a); or (ii) alternatively, transfer or dismiss this case pursuant to this Court's inherent authority and (iii) award any other relief this Court deems equitable and just.

(Signature block on following page.)

---

[3] Moreover, monetary sanctions are likewise warranted as Plaintiff's tactics have driven up Defendants costs though, without limitation, removal and this motion. *Keilholtz v. Superior Fireplace Co.*, No. C 08-00836 SI, 2008 WL 5411497, at *2 (N.D. Cal. Dec. 29, 2008) ("it is appropriate for plaintiffs' counsel to be sanctioned with these fees as this motion would be wholly unnecessary but for counsel's improper conduct."); *LegalForce*, 2018 WL 6179319, at *5 ("the Court is inclined to levy monetary sanctions against LegalForce for its blatant forum-shopping").

Dated: June 25, 2025                    Respectfully submitted,


                                        */s/ Jason C. Hamilton*
                                        JASON C. HAMILTON (CA 267968)
                                        MARK S. EISEN (CA 289009)

                                        **Benesch, Friedlander, Coplan & Aronoff LLP**

                                        Attorneys for Defendants
                                        INSTANT CHECKMATE, LLC,
                                        INTELIUS LLC, and TRUTHFINDER,
                                        LLC

**MPA IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER OR DISMISS**
**Case No. 3:25-cv-01474-JO-MSB**